# 16-1689-cv

# United States Court of Appeals

## for the

## Second Circuit

⬥❶⬥

ZHARA FERNANDEZ, TANYA CHAMBERS, KENYA BROWN, AMY CHU,
JOHN VOLPE, ANDREW BULLINGTON, individually and on behalf of others
similarly situated,

*Plaintiffs-Appellants,*

— v. —

ZONI LANGUAGE CENTERS, INC. DBA ZONI LANGUAGE CENTERS,
ZONI LANGUAGE CENTERS-FLUSHING, LLC, DBA ZONI LANGUAGE
CENTERS, ZOILO C. NIETO,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFFS-APPELLANTS

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs-Appellants*
One Grand Central Place
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200

<u>Table of Contents</u>

Argument..................................................................................................................1

I. PLAINTIFFS ARE NON-EXEMPT EMPLOYEES UNDER THE FLSA,
AND THEREFORE DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT SHOULD HAVE BEEN DENIED ...........................1

Conclusion ...........................................................................................................7

## **Table of Authorities**

### **Cases**

*Chen v. Major League Baseball Props.*, 798 F.3d 72  (2d Cir. 2015)......................1

*King v. United States*, 119 Fed. Cl. 277 (Fed. Cl. Dec. 2014), *aff'd*, 626 F. App'x 926 (Fed. Cir. 2016)............................................................................................3, 4

*Muller v. American Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166 (D. Kan. 2004).....3, 4

*Ramos v. Lee County Sch. Bd.,* 2:04-cv-308-FtM-33SPC, 2005 U.S. Dist. LEXIS 21770, 2005 WL 2405832 (M.D. Fla. Sept. 29, 2005)......................................3, 4

*Volpe v. Am. Langauge Commun. Ctr., Inc.*, 15-cv-6854 (GBD), 2016 U.S. Dist. LEXIS 103850 (S.D.N.Y. July 29, 2016)...............................................................6

*Wilks v. District of Columbia*, 721 F. Supp. 1383, 1386 (D. D.C. 1989).............3, 4


### **Regulations**

29 C.F.R. §551.104 .........................................................................................3

29 C.F.R. §541.204 ................................................................................. 1, 2, 4

8 N.Y.C.R.R. §126.10(j) .................................................................................5

8 NYCRR § 126.10(j)(3)(iii) ................................................................ 15, 18, 19

<u>Argument</u>

I.  **PLAINTIFFS ARE NON-EXEMPT EMPLOYEES UNDER THE FLSA, AND THEREFORE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT SHOULD HAVE BEEN DENIED**

Appellees Zoni Language Centers, Inc., Zoni Language Centers-Flushing, LLC, and Zoilo C. Nieto (collectively "Zoni") fail to demonstrate that the Appellant employees are exempt employees under the FLSA.  When the applicable regulations are carefully examined, in the light of this Court's holding that FLSA exemptions must be "narrowly construed" and "limited to those establishments plainly and unmistakably within their terms and spirit" in order to effectuate the remedial purposes of the FLSA, it becomes clear that Zoni is not an "educational institution" as defined by the FLSA, the Appellants are not exempt employees, and the First Amended Complaint ought not to have been dismissed.  *Chen v. Major League Baseball Properties, Inc.*, 797 F.3d 71, 81 (2d Cir. 2015)

Zoni's analysis of the applicable regulations and case law misses the mark in several respects.

*First*, Zoni's argument that the applicable regulation, 29 C.F.R. §541.204(b), can be read consistently with this Court's directive in *Chen* to encompass English as a Second Language schools ("ESLs") such as Zoni fails.  The regulation defines "educational establishment" as "an elementary or secondary school system, an

institution of higher education or other educational institution." 29 C.F.R. §541.204(b). The DOL regulation goes on to state that:

> [t]he term 'other educational establishment' includes special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher. Factors that are relevant in determining whether post-secondary career programs are educational institutions include whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools.

*Id.*

As Zoni tacitly concedes, it is not an "elementary or secondary school system," nor is it "an institution of higher education." *Id.* Nor is it a "special school[] for mentally or physically disable or gifted children, of any classification of such schools as elementary, secondary or higher." *Id.* Nor is Zoni a "post-secondary career schools." *Id.*

Zoni argues that, nevertheless, the DOL regulation can be read to include ESLs. Even if Zoni is correct that the DOL regulation *can* be read to include ESLs, that is not equivalent to ESLs being "plainly and unmistakably" within the "terms and spirit" of the DOL regulation. While Zoni argues for the possibility that institutions other than schools for mentally or physically disabled or gifted children, or post-secondary career schools can also be covered by "other

2

educational institutions," Zoni identifies nothing within the regulation that demonstrates that ESLs are "plainly and unmistakably" within the "terms and spirit" of the DOL regulation.

*Second*, Zoni inaccurately asserts that four decisions — *King v. United States*, 119 Fed. Cl. 277, 286-87 (2014); *Ramos v. Lee County Sch. Bd.,* 2:04-cv-308-FtM-33SPC, 2005 U.S. Dist. LEXIS 21770, 2005 WL 2405832 (M.D. Fla. Sept. 29, 2005); *Muller v. American Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166 (D. Kan. 2004); and *Wilks v. District of Columbia*, 721 F. Supp. 1383, 1386 (D. D.C. 1989) — held that "other educational establishment" included establishments which were not elementary, secondary, or higher education institutions (or such institutions for disable or gifted students), nor post-secondary career programs. (Zoni Br. at 11)

In *King*, the court applied a separate and slightly different regulation than the one at issue here. *King* involved instructors for a federal Customs and Border Protection training program. Therefore, their coverage was governed by regulations of the Officer of Personnel Management ("OPM"). *King*, 119 Fed. Cl. at 283. The OPM regulations expressly state that "educational establishment" includes "in certain circumstances, training facilities." *Id.* at 288 (quoiting 5 C.F.R. § 551.104). There is no similar statement in the FLSA regulations that

3

"educational establishment" includes "in certain circumstances, English as a second language institutions." *King* is thus inapposite.

*Ramos* involved Head Start, a program administered by the county school board. *Ramos*, 2005 U.S. Dist. LEXIS 21770, at *4. Because the teachers were teaching at schools administered by the school system, there was no serious question as to whether they taught at an educational institution. As the Court held: "[i]t is clear that the Lee County *School System* falls squarely within the meaning of 'school system.'" *Id.*, 2005 U.S. Dist. LEXIS 21770, at *14. *Ramos* does not address whether Head Start was an "other educational establishment," because the teachers taught within the "elementary or secondary school system." 29 C.F.R. §541.204(b).

*Muller* involved teachers at "seminars on various business topics," *Muller*, 368 F. Supp. 2d at 1168, which provided "continuing education units that could be used to satisfy continuing education requirements imposed by their profession." *Id.* at 1175. As such, they comprised post-secondary career programs.

Lastly, *Wilks* involved teachers in a prison program where teachers were required to be certified by D.C. Public Schools, and teachers taught subjects including English, reading, mathematics, social sciences, natural sciences, art, home economics and physical education. *Wilks*, 721 F.Supp. at 1386. It was "essentially a school." *Id.* In contrast, Zoni does not teach the subjects typically

4

taught at an elementary or secondary school; Zoni only teaches one subject, English as a second language. Zoni's teachers are not required to be certified as teachers by the applicable authority. Zoni is not "essentially a school."

*Third*, Zoni improperly makes the illogical leap that because regulations of the New York State Commissioner of Education require ESL teachers to have obtained a baccalaureate or equivalent degree from an institution licensed or recognized by the State Education Department, and successfully completed an English-as-a-Second-Language training program or teach English as a second language for one year, Zoni, as a school licensed by the NY Department of Education, actually complies with these regulations. 8 N.Y.C.R.R. §126.10(j)(3)(iii). There is no evidence about Zoni's compliance with these regulations, or the New York Department of Education's enforcement of these regulations. Furthermore, the regulations themselves permit the commissioner to grant a variance from these requirements. *Id.* There is no evidence of how frequently Zoni has been granted variances, and what qualifications such teachers have had. At this stage, the Court must accept the allegation of the First Amended Complaint that "Defendants' 'teachers,' such as Plaintiffs, are not required to possess teaching certificates, or to have completed any teaching coursework." (A-19) This factor should weigh in favor of finding that Zoni's teachers are not exempt from FLSA coverage.

5

*Fourth*, Zoni's argument that the fact that Defendants do not confer any educational degree or its equivalent, "is legally immaterial," (Zoni Br. at 18) is incorrect. While Zoni would be correct that conferral of degrees or their equivalent is not absolutely necessary to a finding that an institution is an educational establishment, it is undoubtedly a relevant factor. As the district court observed, "[o]ther courts have given this factor great weight during their analyses of whether an employer's organization qualifies as an 'educational institution.'" (A-95) The fact alleged in the First Amended Complaint that Zoni does "not confer upon enrollees any eligibility for any professional licenses, educational opportunities, or any other tangible benefit" (A-19) is highly relevant. As is the fact that while "Defendants provide enrollees who complete Defendants' courses with certificates, the certificates are nor (sic) prerequisites to any jobs, professional licenses, or educational opportunities." (*Id.*) For these reasons, the factor of whether Zoni grants degrees, weighs significantly against finding that Zoni is an educational establishment.

On July 29, 2016, after Plaintiffs-Appellants have filed their appeal brief, Judge Daniels granted a motion to dismiss in the action *Volpe v. Am. Langauge Commun. Ctr., Inc.*, 15-cv-6854 (GBD), 2016 U.S. Dist. LEXIS 103850 (S.D.N.Y. July 29, 2016), which involved allegations concerning another ESL institution violating the FLSA. The *Volpe* decision relied heavily on the decision by the

6

district judge in this action. For the same reasons set out in Plaintiffs briefs on this appeal, Plaintiffs maintain that *Volpe* was incorrectly decided.

<u>Conclusion</u>

Based on the foregoing, and for the reasons set out in Appellants' brief, the Court should reverse the district court order dismissing the action, and remand the action to the district court for further proceedings.

Dated: New York, New York
         August 26, 2016

/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiffs-Appellants*

7